IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TAVARRES HENDERSON,

    Plaintiff,

vs.                                                                                                                                    No. CIV 24-0056 JB/LF

U.S. SUPREME COURT, JOHN W
ROBERTS, HOPE L SWANN, SCOTT
PEBBLES, and UNITED STATES OF
AMERICA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Plaintiff's failure to prosecute his pro se Prisoner Complaint for Violation of Civil Rights, filed January 16, 2024 (Doc. 1)("Complaint"); (ii) the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed January 16, 2024 (Doc. 2)("IFP Motion"); and (iii) the Plaintiff's Emergency Motion and Request for Direct Order to Stay Prosecution and Motion for Stay of Discovery, filed February 29, 2024 (Doc. 4)("Motion to Stay"). The Honorable Laura Fashing, United States Magistrate Judge for the United States District Court for the District of New Mexico, recently directed the Plaintiff Tavarres Henderson to update his address or to show cause why the Court should not dismiss the Complaint for severing contact with the Court. See Order to Show Cause, filed July 19, 2024 (Doc. 7)("OSC"). Because Henderson has not complied with the OSC, and having reviewed applicable law and the record, the Court dismisses the Complaint without prejudice, and denies as moot the pending IFP Motion and Motion to Stay.

## BACKGROUND

Henderson commenced this case on January 16, 2024. See Complaint at 1. The

Complaint alleges, among other things, that Microsoft founder Bill Gates and several United States Presidents unlawfully filed for bankruptcy protections.  <u>See</u> Complaint at 3-9.  Henderson was detained at the Central State Prison in Macon, Georgia, when he filed the Complaint.  <u>See</u> Complaint at 13.  He thereafter moved to the Rutledge State Prison in Columbia, Georgia.  <u>See</u> Motion to Stay at 4.  The Court referred this matter to Magistrate Judge Fashing for a Proposed Findings and Recommended Disposition ("PFRD") and to enter non-dispositive orders.  <u>See</u> Order of Reference Relating to Prisoner Cases at 1, filed January 18, 2024 (Doc. 3).

After Henderson filed this case, Rutlege State Prison returned a mailing as undeliverable.  <u>See</u> Returned Mailing Envelope, entered May 23, 2024 (Doc. 6).  Magistrate Judge Fashing fixed a deadline of August 19, 2024, for Henderson to confirm his address in writing or to show cause why the Court should not dismiss this action.  <u>See</u> OSC at 1. <u>See also</u> D.N.M. Local Civil Rule 83.6 ("All . . . parties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses.").  The OSC warns that the failure to timely comply may result in dismissal of this case without further notice.  <u>See</u> OSC at 1.  Henderson has not updated his address by the deadline or afterwards shown cause for such failure or otherwise responded to the OSC.  The Court therefore will consider whether to dismiss this matter for lack of prosecution and failure to comply with rules and orders.

## **ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  <u>See also</u> <u>AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.</u>, 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply

with local or federal procedural rules." Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). As The United States Court of Appeals for the Tenth Circuit explains, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." See Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162. Those criteria include: "the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162 (citing Olsen v. Mapes, 333 F.3d 1199, 1204 (10th Cir. 2003)).

Here, Henderson has not confirmed his address in writing following the returned mail, as

the OSC and D.N.M. LR-Civ. 83.6 require. In light of these failures, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute. See Olsen v. Mapes, 333 F.3d at 1204. After considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County. Justice Center, the dismissal will be without prejudice to refiling. The Court also will dismiss Henderson's IFP Motion and Motion to Stay, which are now moot.

**IT IS ORDERED** that: (i) the Plaintiff's Prisoner Complaint for Violation of Civil Rights, filed January 16, 2024 (Doc. 1), is dismissed without prejudice; (ii) the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed January 16, 2024 (Doc. 2), is dismissed, (iii) the Plaintiff's Emergency Motion and Request for Direct Order to Stay Prosecution and Motion for Stay of Discovery, filed February 29, 2024 (Doc. 4), is dismissed; and (iv) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Tavarres Henderson

    *Plaintiff, pro se*